IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CARLOS FRANCISCO GASPAR-PENA,<br><br>　　　　　　　Defendant. | **CASE NO. 8:11CR127-001**<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Carlos Francisco Gaspar-Pena (Filing No. 127). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

On September 7, 2011, Gaspar-Pena entered a plea of guilty to Count I of the Indictment, charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. His statutory term of imprisonment was 10 years to life. His plea petition, his plea agreement, and his statement at his change-of-plea hearing indicated his satisfaction with his attorney, Michael Gooch. (Filing No. 59; Filing No. 60, p. 2; Filing No. 61, p. 7.)

On December 5, 2011, Gaspar-Pena was sentenced to the mandatory minimum term of ten years' imprisonment, to be followed by five years' supervised release. The Judgment was entered on December 6, 2011. Gaspar-Pena did not appeal his sentence.

On March 18, 2013, Gaspar-Pena filed his § 2255 motion, alleging ineffective assistance of counsel and fundamental miscarriage of justice, although it is not clear what acts or omissions on the part of counsel form the basis for Gaspar-Pena's concerns. He cites to *Missouri v. Frye*, 132 S. Ct. 1399 (2012),[1] and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012)[2] when asking the Court to excuse the untimeliness of his § 2255 Motion.

---

[1] In deciding *Frye* on March 21, 2012, the Supreme Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. The Court also determined that, assuming counsel fails to communicate favorable plea offers, in order to show prejudice a defendant "must demonstrate a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id*. at 1409.

[2] In deciding *Cooper* on the same date as *Frye*, the Supreme Court held that where an attorney's ineffective advice leads to a defendant's rejection of a plea offer and the alleged prejudice is having to go to trial, a defendant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe that under the judgment and sentence that in fact were imposed.

*Cooper*, 132 S. Ct. at 1385.

## DISCUSSION

### I.   Timeliness

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Gaspar-Pena states that he did not file his § 2255 motion earlier because the cited Supreme Court decisions were not decided until March 21, 2012.  Therefore, he appears to rely on § 2255(f)(3) in construing March 21, 2012, as the date from which his one-year statute of limitations runs.

Whether *Frye* and *Cooper* support the application of § 2255(f)(3) has not yet specifically been considered by the Eighth Circuit Court of Appeals.  However, the Honorable Richard G. Kopf addressed the issue in deciding *United States v. Cooper*,

891 F. Supp. 2d 1071 (D. Neb. 2012).  Judge Kopf concluded that Cooper's argument was foreclosed and he could not rely on § 2255(f)(3) because for decades the Eighth Circuit Court of Appeals has considered *Strickland v. Washington*, 466 U.S. 668 (2012), when reviewing claims of ineffective assistance of counsel with respect to accepted plea bargains.  *Cooper*, 891 F. Supp. 2d at 1075.  This Court agrees with Judge Kopf's reasoning, which applies here.  Gaspar-Pena's plea agreement was accepted, and he simply argues that the terms of his accepted agreement were not negotiated to his satisfaction, so he may not rely on § 2255(f)(3).  Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion began to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  Because Gaspar-Pena did not appeal his sentence, his judgment became final when the time for filing a notice of appeal expired—fourteen days after the entry of the judgment on December 6, 2011.  Applying the three-day mailing rule, the latest date on which his time for filing a notice of appeal expired was December 23, 2011, causing the one-year limitations period for the filing of a § 2255 motion to expire on December 23, 2012.  Gaspar-Pena filed his § 2255 motion well after the expiration of the limitations period, and his § 2255 motion is untimely.

    **II.**    **Merits**

Even assuming, for the sake of argument, that Gaspar-Pena's motion could be considered timely, the Court would be deny the motion on the merits.  Gaspar-Pena makes broad allegations of ineffective assistance of counsel and denial of justice, and suggests that the Supreme Court decisions in *Frye* and *Lafler* provide him with some

4

right of redress. Neither case is relevant, however, as *Frye* involved plea offers that were not communicated and expired, and *Lafler* related to counsel's advice to reject a plea offer and proceed to trial. Gaspar-Pena has not alleged that a previous plea offer was not communicated to him, and his case did not involve rejection of a plea offer and a subsequent trial. Therefore, even if his case were to proceed for a consideration of the merits on initial review, in light of the grounds raised, the record shows that he is not entitled to relief.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 127);

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 9th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge